Filed 5/22/24  P. v. Clason CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D082365 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS315468) |
| CASEY JAY CLASON, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Maryann D'Addezio, Judge.  Affirmed.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Casey Jay Clason appeals the judgment sentencing him to prison for six years after a jury found him guilty of arson and he admitted a prior conviction of arson.  Appointed counsel filed a brief in which he asserted no claims of error and invited us to review the record independently for reversible error.  (See *People v. Wende* (1979) 25 Cal.3d 436.)  Having reviewed the record and found no prejudicial error, we affirm.

# BACKGROUND

Ulysses Andrade was waiting in a drive-through lane at a coffee shop when he noticed flames in dumpsters behind the shop and saw Clason inside the locked enclosure surrounding the dumpsters. Clason put burning cardboard into the dumpsters and kicked burning cardboard under them. Andrade summoned law enforcement.

Deputy Sheriff Chris Drouin arrived at the scene, saw the fire in the dumpsters, and saw Clason pick up burning cardboard from the ground and put it into one of the dumpsters. Police Officer Tim Biffle also arrived at the scene and saw Clason ignite cardboard and other trash that was on the ground and put it into the dumpsters. After Drouin got a key for the enclosure from the coffee shop supervisor and unlocked it, Clason exited the enclosure. Firefighters extinguished the fire.

The People charged Clason with arson of property (Pen. Code, § 451, subd. (d)) and alleged as an enhancement that he had a prior felony arson conviction (*id.*, § 451.1, subd. (a)(1)). He pled not guilty, and the case proceeded to a jury trial.

Before trial, the court ruled Clason could not introduce evidence of statements he made to law enforcement officers at the scene and could not make any reference to his mental health. At trial, the People presented testimony from Andrade, Drouin, Biffle, and other witnesses as well as photographs and video surveillance concerning the current arson. Over Clason's objection, the People presented testimony, photographs, and video surveillance concerning the prior arson. The jury found Clason guilty on the arson charge, and he admitted the enhancement allegation.

2

At the sentencing hearing, the court denied Clason's motion to dismiss the enhancement for the prior arson conviction. (See Pen. Code, § 1385, subd. (c).) The court imposed an aggregate prison term of six years, two years for the arson (*id.*, § 451, subd. (d)) plus four years for the enhancement (*id.*, § 451.1, subd. (a)(1)).

## DISCUSSION

Clason's appointed counsel filed a brief in which he summarized the facts and proceedings, raised no claims of error, and asked us to conduct an independent review of the record for reversible error. (See *Wende, supra*, 25 Cal.3d at p. 441 [appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].) To assist us in conducting that review, counsel listed the following issues for consideration:

1. "Whether the trial court prejudicially erred by allowing prior bad acts evidence under Evidence Code section 1101, subdivision (b)?"

2. "Did the trial court prejudicially err by excluding evidence of defendant's demeanor, behavior, or mental health?"

3. "Were all necessary jury instructions given?"

4. "Whether substantial evidence supports the finding of guilt on count 1 [arson of property]?"

5. "Did the trial court abuse its discretion by not striking an enhancement under Penal Code section 1385?"

(See *Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*) [appointed counsel who raises no claims of error must file a "brief referring to anything in the record that might arguably support the appeal"].) We advised Clason he could file a supplemental brief, but he did not.

We have reviewed the entire record, as required by *Anders, supra*, 386 U.S. 738, and *Wende, supra*, 25 Cal.3d 436, and determined there are no

3

grounds for reversal of the judgment.  We have also determined Clason received competent representation on appeal.

DISPOSITION

The judgment is affirmed.


IRION, Acting P. J.

WE CONCUR:


DATO, J.


BUCHANAN, J.


4